UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ANTHONY LEE GRINDSTAFF** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | No. 3:09-0736 |
| ] | Judge Trauger |
| **TENNESSEE DEPARTMENT OF** ] | |
| **CORRECTION, et al.** ] | |
|     **Defendants.** ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Charles Bass Correctional Complex in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; the Charles Bass Correctional Complex; and Officer J. Graciani, a member of the prison staff; seeking injunctive relief and damages.

On July 26, 2009, Officer Graciani woke the plaintiff and told him "to come out of the cell if I wanted to eat breakfast". The plaintiff needed to urinate but decided to leave his cell instead so as not to miss breakfast.

By the time the plaintiff received his breakfast tray, his need to urinate has caused him a great deal of discomfort. He had lost his appetite and chose to return to his cell, hoping to be let in so he could relieve himself. Officer Graciani did not open the plaintiff's cell door in an expeditious manner. As a result, the

plaintiff was unable to control his bladder and he wet on himself. Officer Graciani saw what had happened and laughed at the plaintiff, causing him a great deal of embarrassment. Officer Graciani mocked the plaintiff and made him feel "humiliated and discriminated against".

When conducting a preliminary examination the complaint, the Court is compelled to accept its allegations as true. In that light, the Court finds the conduct of Officer Graciani to be reprehensible. Nevertheless, no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). This limitation applies regardless of the nature of the constitutional rights claimed to have been violated. Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir.2005).

In this instance, the plaintiff has not alleged any physical injury that led to his claim of embarrassment. As a consequence, the plaintiff has failed to state a claim upon which relief can be granted. In such a situation, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                   Aleta A. Trauger
                                                   United States District Judge